# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2026

Lyle W. Cayce
Clerk

No. 25-30523

GLENN DAMOND,

*Plaintiff—Appellant*,

*versus*

JEREMY WILEY, *In His Individual Capacity & Official Capacity*; DALE GARY ALLEN, *In His Official Capacity*; JESSICA GIROD, *In Her Individual Capacity*; TONEY EDWARDS, *In His Individual Capacity & Official Capacity*; ERIC STOTT, *In His Individual Capacity & Official Capacity*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:24-CV-15

---

Before KING, SMITH, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30523

Pro se plaintiff Glenn Damond sued the City of Harrisonburg ("City"), as well as Toney[1] Edwards, Jeremy Wiley, Dale Gary Allen, Eric Stott,[2] Jessica Girod, "Doctor Elijah," and Chrystal Nugent, concerning his incarceration at the Catahoula Correctional Center. He alleged that he was exposed to excessive amounts of secondhand smoke from tobacco and mojo,[3] denied adequate medical treatment for this exposure, and subjected to retaliation. The district court docketed the summons as returned executed for every defendant except Nugent. The City filed a motion to dismiss, while Edwards, Wiley, Allen, Stott, and Girod answered. Notably, Elijah did not respond to the complaint. A magistrate judge recommended the City's motion to dismiss be granted, and after a *de novo* review, the district judge agreed and dismissed the claims against the City. Following the dismissal of the City, the district court ordered the parties to enter discovery. Damond filed a combined motion to compel and for sanctions because he believed camera footage had been intentionally destroyed and investigation files withheld; the magistrate judge denied the motion.

The remaining defendants—except Elijah and Nugent—filed a motion for summary judgment. Damond then filed his own motion for summary judgment based on his verified complaint and attached exhibits. The magistrate judge entered a report and recommendation (R&R) recommending that the defendants' motion for summary judgment be granted, Damond's motion for summary judgment be denied, and the

---

[1] In the operative complaint, Damond spelled Edwards's name as "Tony," but per Edwards's filings, it appears the correct spelling is "Toney."

[2] In filings before the lower court, Damond spelled Eric Stott's name as "Stoct," but in his briefing, he appears to acknowledge that the proper spelling is "Stott."

[3] According to Damond, this is a substance soaked in rat poison, roach spray, and wasp spray; toilet paper is often burned to use as a wick to light the mojo.

No. 25-30523

complaint be dismissed. The district judge concurred with the magistrate judge's findings under the applicable law.[4] He therefore granted the defendants' motion for summary judgment and dismissed the complaint without prejudice as to the state law claims and with prejudice as to all other claims. On the same day the judgment was entered, the court received Damond's objections to the R&R. The district court determined that the objections were untimely and did not consider them.[5] Damond timely appealed.

Although none of the parties to this action have raised the issue of our jurisdiction, we are obligated to raise the matter *sua sponte* if necessary. *See In re Cortez*, 457 F.3d 448, 453 (5th Cir. 2006). "In general, federal appellate courts have jurisdiction pursuant to 28 U.S.C. § 1291 to hear appeals from 'final decisions,' although in limited circumstances, an appellate court's jurisdiction may extend to reviewing nonfinal or interlocutory orders." *Witherspoon v. White*, 111 F.3d 399, 401 (5th Cir. 1997). "A final decision generally is one that 'ends the litigation on the merits and leaves nothing for

---

[4] It is questionable whether the district judge's review was *de novo*.

[5] This determination of untimeliness was incorrect, and as such, the district court erred. *See Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992) (explaining that a district court errs when it fails to consider timely objections). As detailed in the R&R, under 28 U.S.C. § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), a party has 14 days from service to file a written objection to a report and recommendation. However, Damond was entitled to a three-day extension of the deadline because the recommendation was served on him via mail. *See* Fed. R. Civ. P. 72 advisory committee notes to 1983 addition (explaining that the objection period is subject to Rule 6(e)—now Rule 6(d)—"which provides for an additional 3-day period when service is made by mail"); *cf. Serna v. L. Off. of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 449 (5th Cir. 2013) ("Because Rule 6(d) provided [plaintiff] three additional days, his filing . . . was timely."); *Castleberry v. CitiFinancial Mortg. Co. Inc.*, 230 F. App'x 352, 356–57 (5th Cir. 2007) (explaining that when orders require actions within a certain time after service, "three days would be added by Rule 6(e) . . . ."). Therefore, if we assume the R&R was mailed the same day it was entered, Damond's objections were timely.

the court to do but execute the judgment.'" *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000)). "Merely labeling a judgment as final does not make it so." *Witherspoon*, 111 F.3d at 401. In other words, "[t]he order must adjudicate the rights and liabilities of all parties properly before the court." *Id.* "[W]hen the record clearly indicates that the district court failed to adjudicate the rights and liabilities of all parties, the order is not and cannot be presumed final, irrespective of the district court's intent." *Id.* at 402.

However, "a decision failing to adjudicate the rights and liabilities of all parties, while not technically final, can be certified pursuant to Federal Rule of Civil Procedure 54(b)." *Witherspoon*, 111 F.3d at 402. "In certifying a decision as final for appellate jurisdiction purposes, the district court must" make "an express determination that no just reason for delay exists and expressly direct[] entry of judgment," otherwise "finality will not attach to an order that disposes of some but not all of the defendants." *Id.* In short, "when the district court fails to clearly indicate that a judgment disposing of less than all parties was entered pursuant to Rule 54(b), the judgment is not considered final.

Additionally, "the failure to dispose of unserved, nonappearing defendants does not prevent a judgment from being final and appealable." *Charles v. Atkinson*, 826 F.3d 841, 843 (5th Cir. 2016) (per curiam) (quoting *Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1471 (5th Cir. 1990)). "In concluding that a party named in the litigation is not a party for purposes of appellate jurisdiction, we have required both non-service and nonappearance." *Id.* "In other words, absent Rule 54(b) certification, *either* service *or* appearance by a named party will defeat appellate jurisdiction under § 1291 if the claims involving that party are not addressed in the final judgment or prior order." *Id.*

Taken together, we lack appellate jurisdiction if the district court's final decision did not adjudicate the rights and liabilities of all parties "or otherwise expressly permit an appeal under Rule 54(b)." *See Charles*, 826 F.3d at 842. But we may nonetheless have appellate jurisdiction if there was "both non-service and nonappearance" of the unadjudicated party. *See id.* at 843. Here, Elijah has not appeared, the final order did not adjudicate the rights and liabilities of Elijah, and there is no indication in the record or judgment that the district court intended to enter partial judgment under Rule 54(b). Therefore, our jurisdiction rests on whether Elijah was served.

We cannot say from the record whether Elijah was properly served. His process receipt shows that he was not personally served; rather, it states, "served at corr. center w/ Mr. Allen." Missing from the process receipt is information as to who "Mr. Allen" is or whether he is authorized to receive service on behalf of Elijah. *See* Fed. R. Civ. P. 4(e); La. Code Civ. Proc. Ann. art. 1235. We note that the process receipts for Wiley and Girod similarly state, "served at corr. center w/ Mr. Allen," and they did not argue in their answer that service was improper. But we cannot presume jurisdiction because other defendants did not raise a waivable defense. *See* Fed. R. Civ. P. 12(h).

Accordingly, we REMAND this case to the district court for the limited purpose of determining if proper service was made on Elijah and entering an order stating its findings and conclusions as to service. The case should then be returned to this panel for determination of our jurisdiction. *See Charles*, 826 F.3d at 843; *Thomas v. Fontenot*, No. 24-30671, 2025 WL 1540931, at *1 (5th Cir. May 30, 2025) (per curiam).